Mr. Bruce A. Harris Interim Chief Counsel Palm Beach County School Board Department of Legal Services 3318 Forest Hill Boulevard, Suite C-302 West Palm Beach, Florida 33406-5813
Dear Mr. Harris:
You ask on behalf of the Palm Beach County School Board substantially the following questions:
1. Are student expulsion hearings limited to informal proceedings under section 120.57(2), Florida Statutes?
2. May the school board delegate its authority and adopt a program wherein expulsion hearings are conducted by qualified individuals?
In sum:
1. Student expulsion hearings must be conducted pursuant to section 120.57(2), Florida Statutes, and section 120.569(1), Florida Statutes, which provide procedures for both formal and informal proceedings.
2. The school board may delegate its authority and adopt a program in which qualified individuals conduct evidentiary hearings for the expulsion of students, but the school board must ultimately make the decision of whether a student is to be expelled.
Question One
The School Board of Palm Beach County (board) has proposed a rule whereby the board will delegate authority to conduct expulsion hearings to an outside attorney, a qualified former educational administrator, or other qualified individual chosen by the superintendent. In light of language in the Florida School Code referring to sections 120.57(2) and 120.569(1), Florida Statutes,[1] a question has arisen as to whether such language limits expulsion hearings to informal proceedings.
Florida's School Code[2] prescribes procedures for the expulsion of students. Section 232.26(1)(c), Florida Statutes, speaks to the initiation of an expulsion proceeding:
"The principal or the principal's designee may recommend to the superintendent the expulsion of any student who has committed a serious breach of conduct, including, but not limited to, willful disobedience, open defiance of authority of a member of his or her staff, violence against persons or property, or any other act which substantially disrupts the orderly conduct of the school. . . . Any recommendation of expulsion shall include a detailed report by the principal or the principal's designated representative on the alternative measures taken prior to the recommendation of expulsion."
With regard to procedures for expulsion, the Florida School Code provides:
"When the superintendent of schools makes a recommendation for expulsion to the district school board, he or she shall give written notice to the student and the student's parent or guardian of the recommendation, setting forth the charges against the student and advising the student and his or her parent or guardian of the student's right to due process as prescribed ss. 120.569
and 120.57(2)."[3]
In addition, section 230.23(6)(c)1., Florida Statutes, provides that expulsion hearings "shall be governed by ss. 120.569 and120.57(2) and are exempt from s. 286.011."
Section 120.57(2), Florida Statutes, provides procedures for conducting informal hearings, that is, hearings not involving disputed issues of material fact. Section 120.569, Florida Statutes, however, recognizes that the provisions of section120.57(1), Florida Statutes, apply to hearings concerning a disputed issue of material fact.
Thus, expulsion hearings are governed by the provisions of section120.57(2) and section 120.569, Florida Statutes, which recognize that section 120.57(1) is applicable to hearings involving disputed issues of material fact.
Accordingly, I am of the opinion that the provisions of the Florida School Code do not limit expulsion hearings to informal proceedings, but recognize that the school board will conduct both formal and informal hearings.
Question Two
The Department of Education and this office have recognized that school boards may delegate certain functions. In Department of Education Opinion 92-031, the department was asked whether a district school board could delegate the task of deciding expulsion cases. While recognizing the home rule powers of school boards to delegate their functions unless expressly prohibited, the department concluded, however, that the final decision of expulsion must be made by the district school board.
This office, in Attorney General Opinion 93-03, considered the applicability of the Government in the Sunshine Law to expulsion hearings. The opinion recognized that while the ultimate decision of expulsion must be made by the school board, the Florida School Code would allow, by appropriately adopted rule of the board, delegation of other aspects of the expulsion proceedings. In that instance, the school board had delegated the authority to conduct the hearings to volunteer attorneys acting at the direction of the school board.
An examination of the Florida School Code failed to reveal any provision prohibiting the school board from delegating the authority to conduct expulsion hearings to qualified individuals.[4] Section 230.23(6)(c)1., Florida Statutes, in providing for the control of pupils, specifically authorizes the school board to "[a]dopt rules and regulations for the control, discipline, in-school suspension, suspension, and expulsion of pupils and decide all cases recommended for expulsion." However, the decision to expel a student must ultimately be made by the district school board and cannot be delegated.
Accordingly, I am of the opinion that the school board may delegate its authority and adopt a program in which qualified individuals conduct evidentiary hearings for the expulsion of students, but the school board must ultimately make the decision of whether a student is to be expelled.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, ss. 230.23(6)(c)1. and 230.33(8), Fla. Stat.
[2] See, s. 228.001, Fla. Stat., defining Florida School Code as all laws relating to public education. See generally, Chs. 228-246, Fla. Stat.
[3] Section 230.33(8), Fla. Stat.
[4] While you have provided a copy of the proposed school board policy to designate expulsion hearing officers and requested this office's comments on its sufficiency, such a determination is outside the scope of this office's authority. As discussed in this office's Statement Concerning Attorney General Opinions, opinions will not be issued on questions of executive, legislative or administrative policy.